## THE TERRITORY vs. ROSS.

FALL, 1810.
First District.

TERRITORY
vs.
Ross.

Counterfeiting a note of the bank of the U. S. is an offence against the territory.

THE defendant was found guilty, under the act of 1805, chap. 50, sect. 15, of aiding and assisting in the false making and counterfeiting a bank-note of the bank of the U. States, the punishment of which is imprisonment for life at hard labour.

*Alexander* for the defendant. The judgment ought to be arrested. The fact stated in the indictment is an offence against the United States. 8 *Laws U. S.* 257, for which congress has provided a different punishment: imprisonment for a period not less than three, nor more than ten years, and a fine not exceeding five thousand dollars. Crimes against the United States are exclusively cognizable in their courts. 1 *Laws U. S.* 55. There being therefore two laws on the same subject, the act of Congress, which is the supreme law of the land, *Const. U. S. art.* 6, destroys the validity of the act of the territory. The subject being legislated upon by the U. States, the territorial legislature could not act on it. The truth of this position appears from the act of Congress which contains an express proviso specially authorizing the States to pass laws on the same subject, making an exception in this particular to the general rule. *Exceptio probat regulam.* The proviso is confined to the state legislatures and does not extend to those of the territories. The statute therefore on which the defendant is indicted and has been found guilty, be-

ing contrary to the act of Congress, the supreme law of the land, is void and of no effect. It cannot support the court in giving judgment.

*The Attorney-General, Grymes.* The proviso in the act of Congress preserving, to the courts of the individual states, a jurisdiction under the laws of their respective states, over the offence made punishable under the act of Congress, impliedly secures the same advantage to the territorial courts and legislatures, which within their respective territories must have the same jurisdiction and power as are exercised in a state by its own courts and legislature.

*By the Court.* The proviso, in the act of Congress, seems to have been introduced rather to guard against a misconstruction of the enacting clause, than to create or preserve a right to the states. The passing counterfeited notes of any bank, to the people of any state, is an injury which they certainly possess the right of preventing, and if the same act becomes hurtful also to the interest of the United States, they must also have the power of preventing the commission of it. The two rights may exist independently of each other, and the exercise of it on one part cannot prevent it on the other.

If the states possessed the right of preventing injury to their citizens from the making and passing counterfeited securities, they could not be deprived of it by the passage of an act of Con-

FALL, 1810.
First District.

TERRITORY
*vs.*
ROSS.

FALL, 1810.
First District.

gress intended to guard their interest. The states could not be restrained in the choice of the means which they may see fit to adopt. In some of the states the forgery of bank notes is a capital offence, in others a high misdemeanor only.

IT does not appear to us that the validity of the act of this territory is in any degree impaired by the act of Congress.

MOTION DENIED.